This is case number 4100685, Irwin v. Auburn Township, for the appellant, Barry Hines, and the affidavit Donald Nadeau and Charles Davis. Are you going to be splitting your time? Yes, I'm going to be splitting my time. And have you taken care of that with the clerk? Yes, sir. Very well, you may proceed. Your Honor, this is the Maine Police Court. I'm Barry Hines for the appellant. We are here on the pleading, my amendment complaint specifically. We are therefore reviewing that complaint to no vote. Dismissal is proper as a matter of law when you're looking at the complaint to no vote. And dismissal is proper then only when no set of facts will support that complaint. I've looked hard at my complaint, putting myself on the other side, trying to decide what the trial court specifically saw that made them dismiss the complaint. We don't know particularly, but that really doesn't matter because it's a no vote review. Therefore, I see two areas specifically. Either one, the court did not see that there was a cause of action because of the statute involved, or two, there was the issue of latches. The statute, I do not have any problem with at all. A township has no powers other than what they have given to them by statute. A township has no inherent power. They are particularly just an animal of statutory creation. Therefore, they are relying on Chapter 139, Paragraph 38, for their ability to acquire real estate. And doesn't Paragraph C give them that ability? Paragraph C. Subsection C of the statute you just cited. Yes. I think that C is limited by F, clearly, when it says within the township limits. C has to be read in connection with F. Why? Why would F be in the statute? Well, how about the phrase singly or jointly with municipality or municipalities? As distinguishing between acquiring land under F and then acquiring land under C. I think that you have to read it strictly. The parenthetical phrase that I just quoted you doesn't appear in C. Does it? No, it doesn't. So why shouldn't the subsequent limitation, land located within its township limits, apply only to the parenthetical phrase? I think that because the power is not inherent, and this power is what's given by statute, I think that you have to read the limitation. Well, if Subsection F weren't there, would there be any question but that the township under Subsection C may do what it did in this case? Excuse me, Your Honor? If Subsection F were not present in the statute, is there any question that the township wouldn't have the authority to do what it did in this case under Subsection C? No, I think there's a problem there. I think that you can't presume that there's extraterritorial... That's not the question I asked you, counsel. Let me try it again. Assuming Subsection F did not exist in the statute, wouldn't the township have the authority under Subsection C to do what it did in this case? No, because it does not specifically say that they can acquire land outside the territorial limit. There's no limitation on where it may acquire land under Subsection C, is there? No, there's not. So then why couldn't it acquire land under Subsection C without territorial limitation? Because I think that's a reach. Because they are a governmental body, they have territorial limits, and I think that that is just a reach to say that they can act outside of their territorial jurisdictional limits. So you attach no significance to Subparagraph C, then? No. And... For the same reason it... The legislature just put it in the statute for the heck of it, then? You're not supposed to read anything into it at all? No. You're talking to a former legislator here, who doesn't understand the concept of legislative enactments having no meaning. Well, I think... Well, I do understand the concept sometimes the legislature does some things highly questionable. I think, you know, it's... They can acquire land within their territorial limits. But I think... There's a lot into that language. So there must be some strong public policy why a township should not be allowed to acquire property outside of their... The limits of the township? The boundaries of the township, that is? I think so. What business do they have doing that? I thought it was right across the street, the township line. They thought this would be helpful for some township purpose. Well, that's a unique situation, but that's one situation in a hundred or a thousand. You don't legislate for a unique situation. You have the same situation with the park statute. The park statute does not specifically say that you can acquire parks outside the territorial boundaries of the township. But there has been... I think interpretation that... there is a boundary... concept to the park. And that is the township. Is the municipal code, if you know this... On this particular issue, we're discussing right now different than the township code. Municipal codes have more leeway. Municipalities tend to... If I remember correctly, doesn't the municipal code specifically say that the municipality can go outside? Yes, yes. Municipalities have been given more leeway than townships. And I presume that your argument would be that if the legislature intended for a township to have the same power that the municipality does, they would have included that in this language. Yes. Unquestionably, municipalities have been given more leeway by the legislature than townships. Unperceived argument. Yeah. And so basically, the initial gift failed because there was no acceptance. There could not be acceptance by the township. So it's like any gift where there was a failure of acceptance, it's a void gift. It's not a void gift, it's just simply a void gift. Which leads to the second issue, and that is one of latches, which is the more difficult of the two questions, because there was some 16 years between the time of the gift and the time when my client discovers that there was a statutory prohibition for the township to accept this type of gift. And it was also the same period of time that the township was unaware of the fact that they apparently could not have, could have accepted this gift. So you have 16 years, which is a long time, for there have been no action taken on attempting to cancel out the gift. My client finds out about it when there is an article in the newspaper by the township supervisor, and the substance of the article is that the supervisor has found out through her investigations that the township could not hold title property outside township territorial boundaries. And goes about wanting to cure that situation. My client, through his daughter, wants that situation cured by the title being returned to him. And obviously the township doesn't want to do that. They give the title to an association, Irwin Park Association, and that, of course, led to us filing suit in the trial court. But there is then a period from 2007 to 2009 where there was no lawsuit filed. The question of what was happening. Why wasn't the suit filed sooner? My client, Paul Irwin, filed an affidavit in court. He goes through some three attorneys before he retains me, John Narmont, two other firms, one in Peoria. Why is that relevant to our determination? It shows that he was taking some action. He was doing something. He was not sitting on his hands. He was not being derelict. Just ignoring the situation. That's what laches is all about. Once he determines that he has a right, he's got to be taking some action moving forward and not just ignoring that right. Otherwise, under the doctrine of laches, he can lose that right. Laches is to equitable actions is to legal actions. He can forfeit his lawsuit. So there is affidavits in the record that there is something being done by the plaintiff. The township has an affidavit of record that they have, on the other hand, been prejudiced by the passage of this time. That they've incurred expenses in connection with the land and it's not fair for them for all this time to have passed without something being done earlier. But if you look at their affidavit, their affidavit is purely an affidavit of expenses. It does not have any income. I would suggest to your honors that you can infer from the affidavit that there was, in fact, income. The affidavit has expenses for seed, corn, fertilizer, herbicides. This is, after all, an 80-acre farm. I think you can infer reasonably that those were expenses for corn or beans, the same which would have been sold and they would have had income from this farm. So I think that the last year's defense has facts that show that there are material issue of facts that should go to the trier fact. They were not sufficient to put an end to the litigation under a 2-6-19 motion. Under 2-6-15, I think that there were more than adequate facts pled which looked at in the light most favorable to the plaintiff, should have taken this cause forward. There were other matters that were raised. There was a matter of... directed to specific areas of the complaint. One, we had a quiet title action that was joined in one of the counts, the first count. We did not have possession. A classic quiet title suit, the plaintiff has to have possession. However, there is an exception to that rule. When you have a count, an equitable count, which asks for relief besides quiet title, if there is a mutual mistake involved, then quiet title can be one of the prayers for relief because a mutual mistake substitutes for the lack of possession, for the fact that you don't have possession. There is, as well, a question about warranty of title. If a deed was given, wouldn't the warranties of title have carried over and wouldn't the plaintiff be stuck under his warranties of title? Well, the transaction was void. Warranties of title would never have come into effect. The township could not accept the deed. If there was no acceptance, then the warranties would never have come into play. The transaction was void. So you had no warranties. Basically, what we have are transactions that never occurred. That's why I had to add the township as a part of here.  derived their title from the township. Irwin's Park took no better title than what they got in their deed from the township. If the township took no title, then Irwin's Park has no title. And Irwin's Park is not a BFP. They're in possession without a title themselves. So that's why I have an ejectment suit against Irwin's Park. Because they're now sitting in possession without a title themselves. And the classic ejectment suit is I did have title. My position is I still have title because the first transaction, the first deed but I don't have possession. And that's what an ejectment suit is all about. If we disagree with your statutory interpretation of subsection C, this case is over, isn't it? If I'm wrong? Yes. However, I don't think I'm wrong. Your Honor. That's my take. Okay, counsel. Thank you very much. You'll have time on rebuttal. May I please record? My name is Charles Davis. I'm the attorney for Auburn Township in this matter. I am splitting time today with the Irwin's Park Association so I will limit my remarks to what I believe is most applicable to my client versus his. And I'd like to start with what the plaintiff's counsel has to establish today. The ruling at the trial court level was done in summary. There were a lot of issues raised on each motion to dismiss by each of the defendants. And the trial court order simply said that 2615 and 2619 motions to dismiss are granted. Stated in summary. Case law that I've cited under Lano v. Nassar, an order sustaining a motion to dismiss without specifying the grounds in which it is based puts before the reviewing court every issue raised in the motion. If any ground relied upon by the trial court the reviewing court is required to affirm the trial court's ruling. In short, the plaintiff is not required to show that the trial court got one thing wrong. He's here today to prove that the trial court got everything wrong. And that's simply not the case. Where I'd like to start is with the issue of latches. And the reason I want to start with the issue of latches is because it's the highest burden on the plaintiff. It's argued in my brief that the abuse of discretion standard should apply. My review of the case law shows that I found 27 cases in Illinois that used the abuse of discretion standard on a latches analysis. Including in the 4th District one of the cases I cited was Lee v. City of Decatur which was a latches case where latches was cited in 2615 motion to dismiss. Yeah, but isn't counsel arguing you need to do some fact finding before a latches determination can be made? He is arguing that. But the cases I've cited including Szymanski and Lee v. City of Decatur I have several cases in my brief which state that it is proper for latches to be raised in 2615 and a 2619 motion to dismiss. A 2615 it's proper and the trial court has the ability if he can make the determination based on what's simply in the pleadings. It can also be raised as affirmative matter by affidavit in a 2619 motion to dismiss. And that's the way it was raised in this case. Okay, and you said your cases in support of those propositions would be Szymanski and Summers? And I believe Lee v. City of Decatur. Szymanski is the primary case that I cited. Okay, thank you. And there's also a Ruster v. Ruster case and what that states is that given the highly discretionary nature and equitable foundation of latches the trial court is in the best position to review the situation and make a determination based on what's in front of it. Under the Abusive Discretion Standard a reviewing court would reverse the judgment on the lower court only when no reasonable person could have taken the view adopted by the trial court. So on the issue of latches it's not a de novo review. Plaintiff has to prove that no reasonable judge could have made that decision, that it was absolutely ridiculous based on the facts that were put in front of it. The standard in latches is clear. Latches is an equitable doctrine that bars an action where because of an unreasonable delay in bringing suit a party has misled or prejudiced or would have taken a different course of action should the lawsuit have been filed much earlier. I can understand the latches argument being made by Erwin Park but in order for latches to really apply to the township somewhere along the line their ox has to be gored. How is yours gored? I guess rephrase your question. How are you prejudiced at all? I mean aren't you basically a pass through defendant? Well we're a pass through defendant that had the property for 16 years. I understand that. The suit would not have happened if the property would have been conveyed to Auburn Township in the first place. And in essence the plaintiff cannot prevail against the Erwin's Park Association unless they invalidate the deed that was given to Auburn Township. But what damage do you suffer by reason of the delay? Well the damage we suffered by the delay was other than having to defend the lawsuit. We paid expenses over a long period of time and we might have to defend another lawsuit if they're proven correct in this case. So the facts are clear. The deed from Mr. Erwin the plaintiff to the Auburn Township was December 31st, 1991. According to the record at some point in the year 2007 the plaintiff became aware of his alleged legal rights. And then in 2009 the property was transferred from Auburn Township to the Erwin's Park Association. Between that time, between 2007 and 2009, the record also reflects that the Auburn Township took the proper statutory actions it needs to take, like publishing notice that it's going to be for sale, putting the notice that this was going to happen. The trial court ruled in our favor and I believe on the latches argument it's because they felt the clock started in 1991. How many arguments did you cite in support of your motion to dismiss? My count was 11. So the trial judge just said motion granted? That's correct. Without any explanation? Pretty much. Why should we tolerate that? You should tolerate it because he had the chance to review 11 different issues. For all we know he didn't. So we have to now do it for him? He might have picked out number three, found that compelling, and thought that was the basis on which he granted the case. There's a case I wrote for this court, where we had a similar situation of a trial judge who granted a motion to dismiss with no explanation whatsoever on the same county as I recall. We said, no judge, we're not going to do that because what it amounts to is an advisory opinion by this court on the other 10 grounds perhaps that are present. I don't have the benefit of a court reporter's record that we did not have that in this case. Were there probing questions made by the judge regarding specific issues? Why should we tolerate a trial court just saying motion granted with no explanation of any kind? Well, I would say on the issue of latches, because they're in the best position to Was that the basis upon which the judge ruled? No, the basis was in summary. It was what? The basis was in summary. It was on all issues. You're correct. Well, we don't know which issue it was. The trial judge did not have to agree with you on all 11. He might have just agreed with you on one. That is true, Your Honor. The order as stated is on all issues and the case law that I've cited states... So what are we supposed to do now on review? Go over all 11 that you cited to see whether any or all of them according to the trial court's ruling? I believe that's correct under the case law that I've cited. Well, why should we tolerate that? Why don't we just send it back and say, hey judge, this is not how we do business. Do it over. Tell us which grounds you found acceptable and why. I understand your frustration. Hey, I'm not frustrated. We have the last call. I'm just asking a matter of policy. Why should we put up with this? What's your defense of the trial judge's action in this case? Well, I guess on a policy stage, I would guess that this is done pretty routinely. You guess what? I would guess that this might be done routinely. Maybe not with this many complicated issues. It seems to be a routine thing out of Salem County. I don't understand it. Counsel, before you run out of time, what does the phrase in subparagraph F of the statute singly or jointly with the municipality or municipalities mean? That's in subparagraph F of former statute 139, paragraph 38, and 115. I would interpret that to state that a township may, and it's limited to property, that sentence is limited to property within that township that can be acquired by the township itself or with the municipality. Well, then, how does that fit in with subsection C? Is it limiting? I mean, as opposing counsel argued, yeah, you've got C, but then C gets limited by F, so you're really just left with F. I believe that's his argument. Well, I guess my response to that would be, as in F, the language continues to limit to industrial or commercial uses. And if we look at the subsection C that was cited by the plaintiff in his case, it actually uses the word either industrial or commercial. I don't remember which one. So I would argue that that not only is letter C in that statute not limited, F is definitely limited. And I would point out that F is the only that's actually cited in his complaint, in his amended complaint. That is what the judge ruled on, was whether that applied or not. In summary, with all the other issues. But that is what's before the court today, I would argue. Judge didn't rule on subsection C? He did not make a specific ruling as the subject. Did you raise that issue to him? Say, Judge, subsection C governs. Forget about F. We made that argument, and that was not a part of the order in the end. Did you make that argument on appeal? Subsection C governs. Forget about F? I believe the argument that I made was that subsection F does not apply because it's limited to industrial and commercial. That's not the question I asked, counsel. Did you argue that subsection C applies, not F?  argument. Okay. Thank you, counsel. You're out of time. Good morning. My name is Don LeBoux. I'm here on behalf of Irwin's Park Association. I'm going to cover just a couple of areas. You have the briefs, obviously, and we've looked at them and addressed some of the issues.  another statute dealing with the Township Park Association. I'm going to talk about the Park Association, not the Township Parks, but Plaintiff relies almost exclusively on 8510F of the Township Code. I think that his reliance on that may be misplaced, or that's not the only statute that you should consider in ruling on this particular case. There is the Township Park Land Acquisition Act, which I raised in my brief. It's 60 ILCS 1-120. Again, I want to emphasize the title. The title is Township Park Land Acquisition Act. I think that you as a panel have to consider this statute in addition to C and F in making your determination. Did you argue C to the trial court? I did not. Is it in your brief here? I did not. The plaintiff argues on page 17 of his original brief that township parks are not a proper governmental purpose. Well, that simply isn't true, and again, that's one of the reasons I wanted to raise the Township Park Land Acquisition Act, because it's a fairly comprehensive statute which talks about eminent domain, bonding, and how you can use it. The language of that statute is different from the language of the corporate power section. It does not have the language of F where it says within boundaries or within the geographic boundaries. It does not have that language, and to the extent that you think that that is limiting and prohibits them from going outside their territorial jurisdiction, I think that's significant when you're looking at the statute. So I think it does permit them to do that in that if the language is different, they have to use a different language and treat it that way. The other thing on this particular point I wanted to point out was the case of People X Rel Salem versus McMacken. In my research, that was the only case I found where they addressed the issue of acquisition and operation of property outside their boundaries. As the court knows, they ultimately ruled in favor of them being allowed to do so. One of the facts that I think is relevant is that this is a non-home rule entity. The city of Salem is a non-home rule entity, and the reason I think that's significant is that non-home rule units are on the same par as townships. They derive their authority from the statutes. And one of the things that was ruled is it says specifically, and I cite this in my brief, is that the acquisition of land by purchase or gift is not the exercise of a government power. It is an act of proprietary nature. And then this is the important part, I think. We're not especially prohibited. A municipal corporation may purchase real estate outside its corporate limits for legitimate municipal purposes. I think C and the Land Acquisition Act for townships says that this is a legitimate municipal purpose. Next, I want to... Did the township originally acquire title to the property for the purpose of establishing the park? Well, it was gifted for the purpose of continuing the park, yes. Next, I'd like to talk about the statute of limitations. In our opinion, and it's our position, that whether you look at the statute of limitations or whether you address the issue of latches, is that they were late. There are several statute of limitations which can apply here. There's the five-year statute of limitations. There's the seven-year statute of limitations. And if you believe that this was, or find that this was in furtherance of an agreement, which is attached to one of the affidavits of the township, then the ten-year statute of limitations dealing with contracts would apply. Needless to say, they haven't met any of these statute of limitations. Personally, I think that the most relevant one is section 13-107, sometimes referred to as the adverse possession statute, but basically what it states is that if there's possession for seven successive years, and there's a color of title, then they're barred from bringing any claim based on that transaction. Plaintiff in his brief says you should apply the 20-year statute of limitations, which is in section 13-101. And it does say that, but it also says, except, and I emphasize that, except, as may otherwise be set forth in sections 13-102 through 13-122. And section 107, which I'm arguing, is one of those exceptions. So the other statute which I think applies is the five-year statute of limitations, which is set forth in section 105. And that applies to all civil actions not otherwise provided for. And I would point out that in the Sundance case, which is cited by the Plaintiff and ourselves, it's cited several times by the Plaintiff's authority that latches should be the standard of review here. And if you look at the facts of that case, they did address latches, and they did address the statute of limitations, but it was decided on the five-year statute of limitations. And what I think is significant, which goes to a different issue of due diligence, is there was a fair amount of concurrent litigation going on in the Sundance matter. So if you would think that there was an excuse for waiting, you would think that the litigation which was dealing with some of the issues would be an excuse. Well, they said no, it's not an excuse. And the five-year statute of limitations would apply and did bar their cause of action, at least in that case. One of the things I just wanted to comment on is the Plaintiff seems to be inferring that for purposes of the statute of limitations, you should be looking at the November 2007 date. That's the date where they supposedly learned that there may be an issue here in terms of whether Township had authority. We think they did, but for purposes of argument, they're saying that's the date you should look at. I think what the cases tell you is if they're arguing that this is a void transaction, then it wasn't void in 2007. It was void in 1991. And you have to take into account the knowledge of the statute that was in effect at the time, and the statute is virtually unchanged. It's virtually unchanged today from what it was in 1991. And I just have a couple of comments. They say there was no acceptance. It was void. They talked about gifts and delivery, and there has to be donated to the tent. Delivery and acceptance. I don't know how you can say there wasn't acceptance when there was a deed which was conveyed to be accepted. There is an affidavit of being accepted, and they in fact operated and maintained it. I think he's arguing they had no authority to accept it. No, I understand that, but to say that because of delivery and acceptance, I think isn't an accurate representation of what the facts are. I mean, clearly, there was, you can argue that there was void for the statute, but I don't think you can realistically say that there wasn't delivery and acceptance. There was. It's void for a different reason, not because there wasn't delivery and acceptance. The only other matters I would call to the attention of the court, which I'm sure they've already considered, is the Illinois Conveyances Act. It doesn't specify that it's not limited to void transactions. It's a ban against any claim. I mean, if you convey by warranty deed, it's a ban with respect to any claim, whether it's void or not. Theoretically, we can claim attorney's fees if, in fact, that act is found to be applied. Counsel, you're out of time. Thank you. Thank you. Rebuttal, please. If I could return to subsection C, I've got the same cold as you do, Your Honor. I covered that in my brief, page 16, and I should have noted that on my feet, but I didn't. Section C was part of the township law from its very inception. Section F was added to the statute in 1973. So it definitely came later. It was apparently a reaction to the City of Salem v. McMacken case, which was the Supreme Court's decision which gave municipalities the right to purchase real estate outside their corporate limits. Representative Tipsworth, in remarks during the House debate on subsection F, remarked, this is a quote from him, it provides townships may cooperate in acquiring industrial sites only within the border of their own townships. So there seems to have been a specific intent that townships be limited, whereas the municipalities What was that phrase, may cooperate? May cooperate with who? Townships may cooperate with other townships. Or municipalities? What if a township isn't cooperating with a municipality? It just wants to acquire property outside its borders. Well, they ended up not giving them that right. Why didn't they get rid of subsection C, or modify that as well? That I don't know. Well, it might be an indication that maybe they didn't intend to restrict it. But they put in subsection F. With the language singly, or jointly with municipalities. The legislative intent would have been to limit the townships. So, your argument is that we should simply read subsection C as if it were repealed? Yes, or limited. Limited in how? C still says they can acquire property within their boundaries. No, C doesn't have any such limitation. C contains no limitation whatsoever about the boundaries. Right. But it can be read that way, that they have the right to acquire. So we should read it as legislative oversight, that the section subsection in this relatively small statute, located three subsections below F, should be just either read out of the statute, or we should judicially construe it as if it had been amended. I'm giving you the legislative history of what happened in 1773. As to the statute of limitations. The statute of limitations, of course, are applicable to the law cases. But, in equity, frequently, you look at statute of limitations just to see what time periods are used, and look over then to equity. But the seven-year statute, which relies on heavily, that seven-year statute applies to where you reside on real estate for seven years. Pay the taxes, and that is an adverse possession. But that applies to actually habitation on real estate. It has nothing to do with this particular case. Totally distinguishable. Your Honor, for raising my arguments, I request the order of the trial court be reversed, and that the directions that the defendants answer the complaint. Thank you. Thank you, Counsel. Thank you. The case is submitted.